UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AXIS REINSURANCE COMPANY,

        Plaintiff,

                                        Case Number 09-12608-BC
v.                                        Honorable Thomas L. Ludington

GEOSTAR CORPORATION , TONY P.
FERGUSON, THOM E. ROBINSON, JOHN
W. PARROTT, S. DAVID PLUMMER,
SPENCER D. PLUMMER, CLASSICSTAR
FARMS, INC., CLASSICSTAR FARMS,
LLC, FIRST SOURCE WYOMING, INC.,
GEOSTAR EQUINE ENERGY, INC.,
GEOSTAR FINANCIAL CORPORATION,
GEOSTAR FINANCIAL SERVICES
CORPORATION, AND DOES 1–100,

        Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

        On August 18, 2009 this Court adjourned a hearing scheduled for August 25 on Defendants motion to transfer venue to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404. [Dkt. # 32]. Now before the Court is Plaintiff Axis Reinsurance Company's "emergency" motion for reconsideration. [Dkt. # 33].

        Careful study of Plaintiff's motion has failed to clarify precisely what "emergency" Plaintiff is referring to. Under Eastern District of Michigan Local Rule 7.1(g)(3), the Court will only grant motions for reconsideration when the moving party demonstrates "a palpable defect by which the court and the parties have been misled [and] that correcting the defect will result in a different disposition of the case." Plaintiff has not met its burden for either prong of the test, and the motion

will be **DENIED**.

Plaintiff argues that "there was a 'palpable defect' by which this Court was misled and that correction of [the] defect will result in a different disposition of the case." Pl.'s Mot. for Recons. at 4. Specifically, Plaintiff contends that the Court did not acknowledge the difference between the motion to transfer based on 28 U.S.C. § 1404 pending in this Court and the motion to transfer pursuant to 28 U.S.C. § 1407(c)(ii) pending before the Judicial Panel on Multidistrict Litigation (MDL). The Court is aware that it alone has the authority to decide the § 1404 motion pending before it, and that only the MDL Panel has the authority to decide the § 1407 motion pending before it. It is also aware that § 1407 only permits transfer for pre-trial proceedings, including dispositive motions, while § 1404 permits transfer of the entire case, including the trial itself. The Court's August 18 order should not be interpreted as holding otherwise.

The Court remains convinced that the "Judicial Panel is familiar with the factual and legal issues involved in the MDL, and therefore better equipped to decide whether this case should be transferred to Kentucky . . . ." Order; Dkt. # 32 at 3–4. The MDL Panel has already consolidated dozens of cases in the Eastern District of Kentucky related to a mare lease program run by Defendant GeoStar and several of its subsidiaries pursuant to the MDL Panel's exclusive authority under 28 U.S.C. § 1407. Many, indeed most, of those cases were filed by disgruntled investors who claim a GeoStar subsidiary never owned or controlled enough horses to cover the interests in the mare lease program. Pl.'s Cmpl. ¶¶ 25–43. The same facts underlie in significant part the Plaintiff's contention that it does not owe Defendants coverage or a defense. According to Plaintiff, Defendant's failure to identify material issues related to the mare lease program, as alleged by the MDL plaintiffs, on separate 2004 and 2005 applications for insurance were material

misrepresentations that justify rescinding the policy and denial of coverage. Pl.'s Cmpl. ¶¶ 57–78.

It is also worth noting that this particular lawsuit is only one component of the broader dispute surrounding the mare lease program. The Axis policy is a directors and officers liability insurance policy, commonly called a D&O policy. The Axis D&O policy is an excess policy with a coverage limit of $5 million under which Axis is obligated to pay covered claims after the $5 million in primary coverage is exhausted. The Court was informed the primary policy has been exhausted by Defendants' legal fees in litigating the disputes surrounding the mare lease program. A second excess D&O policy that will be implicated if and when the Axis policy is exhausted is also the subject of an action pending before this Court. *Great American Insurance Co. v. GeoStar et al.*, No. 1:09-cv-12488. A third insurance coverage dispute is pending in the U.S. District Court for the Eastern District of Kentucky, in which the Defendants in this case are seeking a declaratory judgment that Axis must pay their legal costs in the MDL. *Geostar, et al. v. Axis Reinsurance Co.*, No. 09-249-JMH.

The Honorable Joseph M. Hood, who is presiding over the MDL and the insurance dispute in Kentucky, recently rejected Defendants' motion to stay the MDL until the insurance coverage disputes could be resolved. *In re ClassicStar Mare Lease Litigation*, No. 5:07-cv-353 (E.D. Ky. Aug. 14, 2009). Judge Hood noted the probable "difficulties faced by Defendants with regard to funding their defense" of the MDL if the Axis and Great American Policies were rescinded, but denied the stay because "the issue of whether [Plaintiff] has defaulted on its obligations under a contract of insurance with [Defendants] is separate and distinct, only at best tangentially related to some of the issues" in the MDL. The legal issue of whether the insurance contract between Plaintiff and Defendant should be rescinded is without question "separate and distinct" from the legal issues

in the cases pending before the MDL. The factual issue, however, of whether Defendants oversold interests in the mare lease program, and consequently should have disclosed those facts on their insurance applications are quite similar.

This case certainly has "one or more common questions of fact" with the cases pending in MDL 1877 such that the MDL Panel might choose to add this case to the MDL as a tag-along action. 28 U.S.C. § 1407(a). If the MDL Panel believes transfer of this case to Kentucky for consolidated pretrial proceedings would best serve "the convenience of the parties" and "promote the just and efficient conduct" of the cases involved, the MDL Panel will transfer this case to Kentucky for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). If the MDL Panel decides otherwise, the case will remain in the Eastern District of Michigan and this Court will decided the § 1404 motion pending before it.

Accordingly, it is **ORDERED** that Plaintiff's August 20, 2009, motion for reconsideration [Dkt. # 33] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 27, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS